# EXHIBIT A-1

Case 1:25-cv-01317-MAV-LGF    Document 1-2    Filed 12/05/25    Page 2 of 12

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

DEBRA LENNERT-NOVARA,
As Administrator of the Estate of
LINZEY NOVARA, Deceased
1583 Orchard Park Road
West Seneca, New York 14224                    **SUMMONS**

                     Plaintiff

vs.

WERNER CO.
555 Pierce Road Suite 300
Itasca, Illinois 60143

                     Defendant.

---

TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to

serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve

a notice of appearance, on the Plaintiff(s) Attorneys within TWENTY (20) DAYS after the

service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after

the service is complete if this Summons is not personally delivered to you within the State

of New York); and in case of your failure to appear or answer, judgment will be taken against

you by default for the relief demanded in the Complaint.

     Erie County is designated as the place of trial on the basis the incident occurred

within the County of Erie.

DATED:     Buffalo, New York

             October 29, 2025

7405428v1 - 074263.0001

Case 1:25-cv-01317-MAV-LGF    Document 1-2    Filed 12/05/25    Page 3 of 12

LIPSITZ GREEN SCIME CAMBRIA LLP

By: _____

RYAN C. JOHNSEN, ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
[RCJ: # 074263.0001]

-2-

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

DEBRA LENNERT-NOVARA,
As Administrator of the Estate of
LINZEY NOVARA, Deceased,

                Plaintiff,

VS.

WERNER CO.,

                Defendant.

**COMPLAINT**

---

Plaintiff, above named, by her attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP,

for her Complaint against Defendant alleges:

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANT, WERNER CO.,
### THE PLAINTIFF, DEBRA LENNERT-NOVARA, ALLEGES:

1. Plaintiff, DEBRA LENNERT-NOVARA, at all times hereinafter mentioned, was and still is a resident of the Town of West Seneca located within the County of Cattaraugus and the State of New York.

2. On or about October 23, 2024, Plaintiff, DEBRA LENNERT-NOVARA, was issued letters appointing her administrator of the estate of LINZEY NOVARA in Erie County Surrogate's Court and said letters still in full force and effect.

3. Upon information and belief, at all times hereinafter mentioned, Defendant, WERNER CO., was and still is a foreign corporation authorized to do business within the State of New York.

4.     Upon information and belief, at all times hereinafter mentioned, Defendant, WERNER CO., was and still is doing and transacting business within the State of New York.

5.     On or about the 25th day of January 2024, Plaintiff's Decedent, LYNZEY NOVARA, was engaged in activities in the course of her employment at Spencer's Gifts at the McKinley Mall, located at 3701 McKinley Parkway, Blasdell, New York 14219 while using an eight (8) foot ladder, model no. 6008, manufactured by Defendant, WERNER CO. While performing her job duties and responsibilities, Plaintiff's Decedent, LYNZEY NOVARA was caused to fall off of the aforesaid model no. 6008 ladder, causing serious personal injury and death to Plaintiff's Decedent, LYNZEY NOVARA.

6.     Upon information and belief, at all times hereinafter mentioned, Defendant, WERNER CO., by its agents, servants and/or employees, designed, manufactured, assembled, labeled, tested, inspected, promoted, sold, distributed and/or placed on the market the aforesaid model no. 6008 ladder.

7.     Upon information and belief, the aforesaid incident and resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of Defendant, WERNER CO., by its agents, servants and/or employees in the design, manufacture and/or assembly of the aforesaid model no. 6008 ladder, and, among other things, said negligence was exhibited in the failure and omission to adequately, properly, and sufficiently design and manufacture the aforesaid model no. 6008 ladder for safe operation and use; the failure and omission to exercise due care in the design of and manufacture of the aforesaid model no. 6008 ladder to avoid any unreasonable risk of harm to anyone likely to be exposed to the danger in any foreseeable

use, both intended and unintended; the failure and omissions to properly test for dangers and eliminate and/or adequately guard against said dangers incident to use of the aforesaid model no. 6008 ladder; and the failure to adequately warn Plaintiff's Decedent, LYNZEY NOVARA, and others of the dangers and risks incident to the use of the aforesaid model no. 6008 ladder.

8.    As a result of the alleged incident, Plaintiff's Decedent, LYNZEY NOVARA, sustained bodily injuries and was painfully and seriously injured, and some of the injuries resulted in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to her nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital,; was caused to and did incur great medical expense; was caused to be incapacitated from her usual activities and employment, and was caused to die.

9.    This action falls within one or more of the exceptions set forth in CPLR § 1602.

10.    As a result of the foregoing, Plaintiff, DEBRA LENNERT-NOVARA has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT, WERNER CO., THE PLAINTIFF, DEBRA LENNERT-NOVARA, ALLEGES:

11.    Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "10" of this Complaint with the same force and effect as if fully set forth herein.

-3-

12.     Upon information and belief, Defendant, WERNER CO., by its agents, servants and/or employees, designed, manufactured, assembled and placed on the market the aforesaid model no. 6008 ladder.

13.     Upon information and belief, the aforesaid model no. 6008 ladder was defectively designed, manufactured, tested and/or assembled and was in a defective and hazardous condition and/or was not reasonably safe when Defendant, WERNER CO. placed the model no. 6008 ladder on the market.

14.     The incident herein before described and the resultant injuries were caused as a result of the defective and hazardous conditions of the said model no. 6008 ladder, and Plaintiff, DEBRA LENNERT-NOVARA claims damages against Defendant, WERNER CO., under the doctrine of strict products liability due to a design defect and/or inadequate instructions and/or warnings.

15.     As a result of the foregoing, Plaintiff, DEBRA LENNERT-NOVARA has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANT, WERNER CO.,
## THE PLAINTIFF, DEBRA LENNERT-NOVARA, ALLEGES:

16. Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" of this Complaint with the same force and effect as if fully set forth herein.

17. On a day prior to Plaintiff's Decedent, LYNZEY NOVARA suffering injury and death, upon information and belief, her employer purchased the aforesaid model no. 6008 ladder which was designed, manufactured, and sold by the Defendant, WERNER CO.

-4-

Case 1:25-cv-01317-MAV-LGF   Document 1-2   Filed 12/05/25   Page 8 of 12

18. Upon information and belief, upon the sale and distribution of the aforesaid model no. 6008 ladder, Defendant, WERNER CO., explicitly and/or impliedly warranted to reasonably foreseeable users of the aforesaid model no. 6008 ladder and ultimately to Plaintiff's Decedent, LYNZEY NOVARA, that aforesaid model no. 6008 ladder was safe, of merchantable quality, free from defects and fit for intended use.

19. Upon information and belief, in choosing to utilize the aforesaid model no. 6008 ladder, Plaintiff's Decedent, LYNZEY NOVARA and/or Plaintiff's Decedent's employer relied upon the skill and judgment of Defendant, WERNER CO., by its express and/or implied warranties as described above.

20. Upon information and belief, Defendant, WERNER CO., breached these warranties by providing a product that was not reasonably safe, not of merchantable quality, defective and inherently dangerous and unfit for intended use.

21. The breach of warranty was a substantial factor in causing injury and death to Plaintiff's Decedent, LYNZEY NOVARA.

22. As a result of the foregoing, Plaintiff, DEBRA LENNERT-NOVARA has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION
AGAINST THE DEFENDANT, WERNER CO.,
THE PLAINTIFF, DEBRA LENNERT-NOVARA, ALLEGES:**

23. Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint with the same force and effect as if fully set forth herein.

24. Due to the aforesaid claims, Plaintiff's Decedent, LYNZEY NOVARA, was caused to die and Defendant, WERNER CO., is liable to Plaintiff pursuant to New York Estates, Powers and Trusts Law §5-4.

25. Plaintiff's Decedent, LYNZEY NOVARA, left surviving three (3) siblings and two (2) parents.

26. Plaintiff's Decedent, LYNZEY NOVARA's next of kin were dependent upon decedent for support, maintenance, nurture, comfort, advice, aid and society, which they are now deprived of as a result of the aforesaid incident.

27. As a result of the aforesaid incident, medical, funeral and burial expenses have been incurred.

28. By reason of Plaintiff's Decedent LYNZEY NOVARA's death caused by the above claims, her distributees and next of kin have sustained damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, DEBRA LENNERT-NOVARA, demands judgment against Defendant, WERNER CO., on the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; and in the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; and on the Third Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of action.

Case 1:25-cv-01317-MAV-LGF    Document 1-2    Filed 12/05/25    Page 10 of 12

DATED:      Buffalo, New York
            October 29, 2025

                              LIPSITZ GREEN SCIME CAMBRIA LLP

                              By: _____
                              RYAN C. JOHNSEN, ESQ.
                              Attorneys for Plaintiff
                              42 Delaware Avenue, Suite 120
                              Buffalo, New York 14202-3924
                              (716) 849-1333
                              [RCJ: # 074263.0001]

STATE OF NEW YORK
SUPREME COURT  : COUNTY OF ERIE

_____

DEBRA LENNERT-NOVARA,
As Administrator of the Estate of
LINZEY NOVARA, Deceased

                            Plaintiff,

v.                                                              Index No. _____

WERNER CO.

                            Defendant.

_____

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: October 29, 2025


_____ (Signature)      (716) 849-1333, Ext. 410 (Phone)

Ryan C. Johnsen, Esq._____(Name)           (716) 855-1589____(Fax)

Lipsitz Green Scime Cambria LLP____(Firm)           rjohnsen@lglaw.com_____(E-mail)

42 Delaware Avenue, Suite 120_____(Address)

Buffalo, New York 14202_____

7312637v1 - 076090.0001

TO:
WERNER CO.
555 Pierce Road, Suite 300
Itasca, Illinois 60143

7312637v1 - 076090.0001